UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | | |
|---|---|---|
| Primerica Life Insurance Company, | ) | C/A No. |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | **COMPLAINT FOR** |
| Versus | ) | **DECLARATORY JUDGMENT** |
| | ) | (***Non-Jury***) |
| Trirquez Cunningham, Isnysia Yeldell, | ) | (***Declaratory Judgment***) |
| Dalisha Yeldell, and Bostick-Tompkins | ) | |
| Funeral Home, Inc., | ) | |
| | ) | |
| *Defendants*. | ) | |

The Plaintiff, Primerica Life Insurance Company (hereinafter the "Plaintiff" and/or "Primerica"), complaining of the Defendants Trirquez Cunningham, Isnysia Yeldell, Dalisha Yeldell, (hereinafter the "Defendants"), and Bostick-Tompkins Funeral Home, Inc. (hereinafter the "Funeral Home"), alleges as follows:

1.      Primerica is a corporation organized and existing under the laws of Tennessee with its principal place of business in Georgia.  Primerica is authorized to do business and does business in South Carolina.

2.      Upon information and belief, Defendant Trirquez Cunningham is a resident and citizen of Greenwood County, South Carolina.

3.      Upon information and belief, Defendant Isnysia Yeldell is a resident and citizen of Harris County, Texas.

4.      Upon information and belief, Defendant Dalisha Yeldell is a resident and citizen of Greenville County, South Carolina.

5.      Upon information and belief, Funeral Home is located and conducts its business in Richland County, South Carolina.

6. This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

**FACTS**

8. On June 28, 2024, Primerica issued to Jennifer Yeldell (hereinafter, the "Decedent") the subject term life insurance policy, number 0442745225 (the "Policy"), which provided, $150,000 in coverage. A copy of the Policy, including Application is attached, marked as Exhibit 1, and incorporated into this Complaint by reference.

9. At all material times, Decedent was the Owner and a Beneficiary of the coverage under the Policy.

10. The Policy was made and delivered in McCormick County, South Carolina.

11. The Policy was based on and was issued in reliance upon information completed by the Decedent contained in the Application for Individual Term Life Insurance (hereinafter the "Application") dated June 21, 2024. The Application is included within Exhibit 1, and incorporated into this Complaint by reference.

12. As a part of the Application, Decedent was required to answer a series of questions about her medical history and usage of nicotine products.

13. Primerica relied on those answers in deciding whether or not to insure the Decedent under the Policy, as requested in the Application.

14. Decedent died on November 22, 2024, as a result of bradycardia, hypotension, and aspiration pneumonia at which time the coverage on his life under the Policy was $150,000 (the

"Benefit").   A copy of Decedent's death certificate is attached, marked as Exhibit 2, and incorporated into this Complaint by reference.

15.     On November 22, 2024, Defendant Isnysia Yeldell assigned a portion of the Benefit to Funeral Home in the amount of eight thousand nine hundred twenty-six dollars and sixty cents ($8, 926.60). A copy of the assignment is attached, marked as Exhibit 3, and incorporated into this Complaint.

16.     On or about November 25, 2024, Primerica received a Claimant's Statement from each of the Defendants by which they sought to be paid under the Policy.  A copy of Defendants' respective Claimant's Statements are attached, marked as Exhibit 4, and incorporated into this Complaint by reference.

17.     Because Decedent's death occurred within two years of the issuance of the Policy, Primerica conducted a routine and customary contestable claim investigation.

18.     As a part of its contestable claim investigation, Primerica obtained and reviewed the Decedent's medical records.

19.     In connection with Primerica's contestable claim investigation, Primerica learned from the Decedent's medical records that she had a history of tobacco use that pre-dated the Application.

20.     By letters dated April 3, 2025, Primerica denied Defendants' respective claims.  A copy of the denial letters are attached, marked as Exhibit 5, and incorporated into this Complaint by reference.

21.     The basis for Primerica's denial were various false representations made by Decedent on the Application including, but not limited to, the failure to disclose the Decedent's history of tobacco use.

22.     On the Application, Decedent represented that all statements and answers provided were full, complete and true to the best of her knowledge and belief.

23.     The answers Decedent provided were, in fact, neither true nor complete.

24.     With regard to the representations made by Decedent on the Application:

a)     Decedent represented in the Application that she has never used tobacco products;

b)     Decedent's representations were material to the risk insured;

c)     Primerica investigated the claim and determined those representations to be false;

d)     Had Primerica been aware of the material misrepresentations made by Decedent, Decedent would not have qualified for coverage and Primerica would have declined coverage on her life under the Policy.

### FOR A FIRST CAUSE OF ACTION
**(Constructive Fraud)**

25.     Each of the foregoing paragraphs is re-alleged as if fully repeated verbatim herein.

26.     With regard to the answers given by the Decedent on the Application

i.     The decedent made representations about her medical history when she completed the Application;

ii.     The representations made by the decedent were false;

iii.     The representations were material to the risk insured;

iv.     Decedent knew the representations were false or acted with reckless disregard of its falsity;

v.     Primerica was ignorant of its falsity;

vi.     Primerica did in fact rely on the representations;

vii.     Primerica had a right to rely on the representation by virtue of the Application and by virtue of § 38-63-220(d) of the South Carolina Code of Laws;

viii.     Primerica suffered both consequent and proximate injury do to Decedent's representations on the Application. Had the history tobacco use been

4

disclosed, Primerica would have declined coverage on the life of the Decedent.

27.     Primerica is entitled to a rescission of the Policy as to the Decedent, because the above-referenced misrepresentations, even if unintentional, constitute an equitable fraud against Primerica and are grounds for rescission of the coverage on the life of the Decedent under the Policy pursuant to controlling South Carolina law.

## FOR A SECOND CAUSE OF ACTION
### (Declaratory Judgment)

28.     Each of the foregoing paragraphs is re-alleged as if fully repeated verbatim herein.

29.     Pursuant to the fraudulent and/or material misrepresentation made in the Application, Primerica is entitled to a declaration from this Court that the Reinstated Policy is rescinded pursuant to § 38-63-230(A)(2) of the South Carolina Code of Laws.

25.     Pursuant to § 15-53-10, et seq., of the South Carolina Code of Laws, Primerica is entitled to a declaration from this Court that it has no obligation to the Defendants, the Funeral Home, or to any other person under the Policy arising from Decedent's death.

WHEREFORE, the Plaintiff, Primerica Life Insurance Company, prays that this Court rescind the Policy and declare that the Plaintiff has no obligation to the Defendants Trirquez Cunningham, Isnysia Yeldell, Dalisha Yeldell, Bostick-Tompkins Funeral Home, Inc. or to any other person under the Policy.

HOOD LAW FIRM, LLC
172 Meeting Street
Post Office Box 1508
Charleston, SC 29401/02
Ph: (843) 577-4435
Fx: (843) 722-1630
E: Info@hoodlaw.com


*s/ James B. Hood* _____
James B. Hood (9130)
james.hood@hoodlaw.com
Hannah F. Marchant (14373)
hannah.marchant@hoodlaw.com

June 23, 2026                    ***Attorneys for Plaintiff***
Charleston, South Carolina      ***Primerica Life Insurance Company***

6