IN THE DISTRICT COURT OF THE UNITED STATES FOR
THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Primerica Life Insurance Company,<br><br>Plaintiff,<br><br>v.<br><br>Trirquez Cunningham, Isnysia Yeldell, Dalisha Yeldell, Bostick-Tompkins Funeral Home Inc.,<br><br>Defendants. | Case No. 8:26-cv-02470-SAC<br><br>**OPINION AND ORDER** |

This matter is before the Court on three Motions for Default Judgment filed by Plaintiff Primerica Life Insurance Company ("Primerica"). ECF Nos. 23; 24; 27. For the reasons set forth below, the Court GRANTS the Motions.

## BACKGROUND

Primerica commenced this action on June 23, 2026, seeking a rescission of a life insurance policy and a declaration that it has no obligation to Defendants under the policy. ECF No. 1. Defendants Bostick-Tompkins Funeral Home Inc., Dalisha Yeldell, and Trirquez Cunningham (collectively, the "Defaulting Defendants"), after being properly served, *see* ECF Nos. 8; 14; 15, failed to file answers or otherwise respond to the Complaint. The Clerk entered entries of default as to these three defendants, and Primerica subsequently filed the instant Motions for Default Judgment. ECF Nos. 13; 22; 26; 23; 24; 27. None of the Defaulting Defendants have filed responses.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 55(b) permits the Court to enter a default judgment upon motion by a party and to conduct a hearing to determine the amount of damages, if necessary. A

Rule 55(b) Default Judgment is appropriate where the Court determines "the well-pleaded allegations in the [ ] complaint support the relief sought in [the] action." *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). The defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *DIRECTV, Inc. v. Pernites*, 200 F. App'x 257, 258 (4th Cir. 2006) (citation modified). Therefore, the "appropriate inquiry is whether or not the face of the pleadings supports the default judgment and the causes of action therein." *Anderson v. Found. for Advancement, Educ. & Emp. of Am. Indians*, 187 F.3d 628, 1999 WL 598860, at *1 (4th Cir. 1999) (unpublished opinion); *see also Ryan*, 253 F.3d at 780 ("The court must, therefore, determine whether the well-pleaded allegations in [the] complaint support the relief sought in [the] action."). In other words, "a defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *DIRECTV, Inc.*, 200 F. App'x at 258 (citation modified).

## ANALYSIS

More than three months have passed since Primerica filed its Complaint on June 23, 2026, and over a month has passed since Primerica filed its first Motion for Default Judgment. The Defaulting Defendants have had ample opportunity to answer or otherwise respond to this matter and have failed to do so. Primerica's Complaint contains "well-pleaded allegations of fact" and proper claims such that the Defaulting Defendants admit the allegations in the Complaint. This includes Primerica's allegation that it has no obligation to Defendants under the policy at issue. Thus, after careful consideration, the Court concludes that default judgment is warranted as to these Defendants.

**CONCLUSION**

For these reasons, Primerica Life Insurance Company's Motion for Default Judgment as to Dalisha Yeldell [ECF No. 23], Motion for Default Judgment as to Bostick-Tompkins Funeral Home Inc. [ECF No. 24], and Motion for Default Judgment as to Trirquez Cunningham [ECF No. 27] are **GRANTED**, and the Court further **GRANTS** Primerica the declaratory relief requested in its Complaint as to these individuals.

**IT IS SO ORDERED**.

United States District Judge

September 23, 2026
Greenville, South Carolina